UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

---------------------------------------------------------x
SECURITIES & EXCHANGE           :
COMMISSION                      :   Case No. 8:15-cv-02093-EAK-MAP
            Plaintiff,   :
v.                              :
                            :
TIMOTHY M. ROBERTS, TERRANCE F. :
TAYLOR, and CRAIG CONSTANTINOU, :
                            :
            Defendants.  :
---------------------------------------------------------x

**FINAL JUDGMENT AS TO DEFENDANT TERRANCE F. TAYLOR**

The Securities and Exchange Commission having filed a Complaint and Defendant Terrance F. Taylor ("Defendant" or "Taylor") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment, waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

**I.**
**PERMANENT INJUNCTION**

**A.**     **Section 17(a) of the Securities Act**

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant Taylor is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)     to employ any device, scheme, or artifice to defraud;
    (b)     to obtain money or property by means of any untrue statement of a material fact or

        any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)      to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser;

by, directly or indirectly (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor; about: (A) any investment in or offering of securities, (B) the registration status of such offering or of such securities, (C) the prospects for success of any product or company, (D) the use of investor funds, or (E) the misappropriation of investor funds or investment proceeds.

      **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment of Permanent Injunction by personal service or otherwise: (a) any of Defendant Taylor's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant Taylor or with anyone described in (a).

      **B.**      **Section 10(b) and Rule 10b-5 of the Exchange Act**

      **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant Taylor is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)      to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

by (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about: (A) any investment in or offering of securities, (B) the registration status of such offering or of such securities, (C) the prospects for success of any product or company, (D) the use of investor funds, or (E) the misappropriation of investor funds or investment proceeds.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment of Permanent Injunction by personal service or otherwise: (a) any of Defendant Taylor's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant Taylor or with anyone described in (a).

C. <u>Section 5(a) and 5(c) of the Securities Act</u>

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant Taylor is permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment of Permanent Injunction by personal service or otherwise: (a) any of Defendants Taylor's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant Taylor or with anyone described in (a).

## II.

### OFFICER AND DIRECTOR BAR

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)]], Defendant Taylor is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

III.

## DISGORGEMENT AND CIVIL PENALTY

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant Taylor is jointly and severally liable with Defendant Timothy M. Roberts for disgorgement of $63,884, representing profits gained as a result of conduct alleged in the Complaint, and prejudgment interest of $7,225, for a total of $71,109. This total amount ($71,109) is deemed satisfied by entry of the restitution and forfeiture orders against Defendant Taylor in the criminal case concerning the same conduct at issue in this case, *United States of America v. Timothy M Roberts and Terrance F. Taylor*, Case No. 8:15-cr-00356 (M.D. Fla. 2015).

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Commission's claim for a civil penalty pursuant to Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)] and 20(d) of the Securities Act [15 U.S.C. § 77t(d)] are **DISMISSED**.

IV.

## INCORPORATION OF CONSENT

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

V.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## VI.

## **RULE 54(b) CERTIFICATION**

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

**DONE AND ORDERED** in Chambers, in Tampa, Florida this 3RD day of AUG, 2018.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to All Counsel of Record